1  LAW OFFICE OF MICHAEL E. LINDSEY
   MICHAEL E. LINDSEY, State Bar No. 99044
2  4455 Morena Blvd., Ste. 207
   San Diego, California 92117-4325
3  Tel: (858) 270-7000

4  ANDERSON LAW FIRM
   MARTIN W. ANDERSON, State Bar No. 178422
5  2070 North Tustin Avenue
   Santa Ana, California 92705
6  Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
   E-mail: martin@andersonlaw.net
7

8  Attorneys for Plaintiff Alex Dominguez

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11                              '08 CV 388 - L LSP

12 ALEX DOMINGUEZ,                    Case No.

13                                    **COMPLAINT**
                      Plaintiff,
14                                    **DEMAND FOR JURY TRIAL**

15 v.

16
   FOUR WINDS INTERNATIONAL
17 CORPORATION,

18
                      Defendant.
19

20      Plaintiff alleges as follows:

21                    **JURISDICTION**

22      1.      This Court has original jurisdiction over this matter pursuant to 28

23 U.S.C. § 1332, because this is a civil action between citizens of different states and

24 the amount in controversy exceeds $75,000.00.  Plaintiff is citizen of the state of

25 California.  Defendant Four Winds International Corporation is a corporation that

26 is organized and existing under the laws of the state of Delaware and having its

27 principal place of business in the state of Indiana.

28

                          - 1 -
            COMPLAINT; DEMAND FOR JURY TRIAL

FILED

08 FEB 29 PM 3: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

                              DEPUTY

**ANDERSON LAW FIRM**
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

Original

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1    2.    This Court has original jurisdiction over this matter pursuant to 28

2   U.S.C. § 1331, because the action alleges claims pursuant to 15 U.S.C. § 2310.

3   The Court has jurisdiction over the supplemental state law claims pursuant to 28

4   U.S.C. § 1367.

5                                      **PARTIES**

6    3.    As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff

7   Alex Dominguez.

8    4.    As used in this Complaint, the word "Defendant" shall refer to all

9   Defendants named in this Complaint.

10                          **FIRST CLAIM FOR RELIEF**

11                    **BY PLAINTIFF AGAINST DEFENDANT**

12   **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

13            **15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

14    5.    On or about September 16, 2006, Plaintiff purchased a 2007 Four

15   Winds Class C, VIN # 1GBJG31U861269163 (hereafter "Recreational Vehicle")

16   which was manufactured, distributed, or sold by Defendant.  The total

17   consideration which Plaintiff paid or agreed to pay, including taxes, license, and

18   finance charges is $95,736.60.  The Recreational Vehicle was purchased primarily

19   for personal, family, or household purposes.  Plaintiff purchased the Recreational

20   Vehicle from a person or entity engaged in the business of manufacturing,

21   distributing, or selling consumer goods at retail.

22    6.    In connection with the purchase, Plaintiff received an express written

23   warranty in which Defendant undertook to preserve or maintain the utility or

24   performance of the Recreational Vehicle or to provide compensation if there is a

25   failure in utility or performance for a specified period of time.  The warranty

26   provided, in relevant part, that in the event a defect developed with the

27

28

COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1   Recreational Vehicle during the warranty period, Plaintiff could deliver the

2   Recreational Vehicle for repair services to Defendant's representative and the

3   Recreational Vehicle would be repaired.

4        7.    During the warranty period, the Recreational Vehicle contained or

5   developed defects which cause water to leak into the coach and defects which

6   cause mold to grow inside the coach.

7        8.    Pursuant to 15 U.S.C. § 2301 (which defines the implied warranty by

8   borrowing the provisions of Civil Code §§ 1792 and 1791.1) and pursuant to Civil

9   Code §§ 1792 and 1791.1, the sale of the Recreational Vehicle was accompanied

10  by Defendant's implied warranty of merchantability.  The duration of the implied

11  warranty is coextensive in duration with the duration of the express written

12  warranty provided by Defendant.

13       9.    The implied warranty of merchantability means and includes that the

14  Recreational Vehicle will comply with each of the following requirements:  (1)

15  The Recreational Vehicle will pass without objection in the trade under the

16  contract description; (2) The Recreational Vehicle is fit for the ordinary purposes

17  for which such goods are used; (3) The Recreational Vehicle is adequately

18  contained, packaged, and labeled; and (4) The Recreational Vehicle will conform

19  to the promises or affirmations of fact made on the container or label.

20       10.    On or about September 16, 2006, or during the time period in which

21  the implied warranty was in effect, the Recreational Vehicle contained or

22  developed the defects stated in paragraph 7, above.  The existence of each of these

23  defects constitutes a breach of the implied warranty because the Recreational

24  Vehicle (1) does not pass without objection in the trade under the contract

25  description, (2) is not fit for the ordinary purposes for which such goods are used,

26  (3) is not adequately contained, packaged, and labeled, and (4) does not conform to

27  the promises or affirmations of fact made on the container or label.

28

COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1    11.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance

2    of the Recreational Vehicle, and has exercised a right to cancel the sale.  By

3    serving this Complaint, Plaintiff does so again.  Accordingly, Plaintiff seeks the

4    remedies provided in California Civil Code section 1794(b)(1), including the entire

5    purchase price.  In addition, Plaintiff seeks the remedies set forth in California

6    Civil Code section 1794(b)(2), including the diminution in value of the

7    Recreational Vehicle resulting from its defects.  Plaintiff believes that, at the

8    present time, the Recreational Vehicle's value is *de minimis*.

9    12.    Plaintiff has been damaged by Defendant's failure to comply with its

10    obligations under the implied warranty, and therefore brings this claim pursuant to

11    15 U.S.C. § 2310(d) and Civil Code § 1794.

12    13.    Defendant does not maintain an informal dispute resolution process

13    for the purpose of resolving claims for breach of the implied warranty of

14    merchantability, and does not maintain an informal dispute resolution process for

15    resolving express warranty claims that complies with the requirements of 15

16    U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the

17    Federal Trade Commission.

18                    **SECOND CLAIM FOR RELIEF**

19                **BY PLAINTIFF AGAINST DEFENDANT**

20        **BREACH OF THE IMPLIED WARRANTY OF FITNESS**

21            **15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

22    14.    Plaintiff incorporates by reference the allegations contained in

23    paragraphs 5 through 7 and paragraph 11, above.

24    15.    Defendant is a manufacturer, distributor, or seller who had reason to

25    know at the time of the retail sale that the Recreational Vehicle was required for a

26    particular purpose and that the Plaintiff was relying on the Defendant's skill or

27    judgment to select or furnish suitable goods.

28

- 4 -

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

16.    Pursuant to 15 U.S.C. § 2301 (which defines the implied warranty by borrowing the provisions of Civil Code § 1792.1) and pursuant to Civil Code § 1792.1, the sale of the Recreational Vehicle was accompanied by Defendant's implied warranty that the Recreational Vehicle would be fit for Plaintiff's particular purpose.  The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

17.    On or about September 16, 2006, or during the time period in which the implied warranty was in effect, the Recreational Vehicle contained or developed the defects stated in paragraph 7, above.  The existence of each of these defects constitutes a breach of the implied warranty because the Recreational Vehicle is not fit for Plaintiff's particular purpose.

18.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

19.    Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability, and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

**THIRD CLAIM FOR RELIEF**

**BY PLAINTIFF AGAINST DEFENDANT**

**BREACH OF EXPRESS WARRANTY**

**15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794**

20.    Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

21.    In accordance with Defendant's warranty, Plaintiff delivered the Recreational Vehicle to Defendant's representative in this state to perform

COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  warranty repairs. Plaintiff did so within a reasonable time. Each time Plaintiff
2  delivered the Recreational Vehicle, Plaintiff notified Defendant and its
3  representative of the characteristics of the defects. However, the representative
4  failed to repair the Recreational Vehicle, breaching the terms of the written
5  warranty on each occasion.

6      22.    Plaintiff has been damaged by Defendant's failure to comply with its
7  obligations under the express warranty, and therefore brings this claim pursuant to
8  15 U.S.C. § 2310(d) and Civil Code § 1794.

9      23.    Defendant's failure to comply with its obligations under the express
10  warranty was willful, in that Defendant and its representative were aware of their
11  obligation to repair the Recreational Vehicle under the express warranty, but they
12  intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to
13  a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code §
14  1794(c) and 15 U.S.C. § 2310(d).

15      24.    Defendant does not maintain an informal dispute resolution
16  mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the
17  rules and regulations adopted pursuant thereto by the Federal Trade Commission.

18  **FOURTH CLAIM FOR RELIEF**
19  **BY PLAINTIFF AGAINST DEFENDANT**
20  **FAILURE TO PROMPTLY REPURCHASE PRODUCT**
21  **15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1793.2(d)**

22      25.    Plaintiff incorporates by reference the allegations contained in
23  paragraphs 5 through 7, above.

24      26.    Defendant and its representatives in this state have been unable to
25  service or repair the Recreational Vehicle to conform to the applicable express
26  warranties after a reasonable number of attempts. Despite this fact, Defendant
27  failed to promptly replace the Recreational Vehicle or make restitution to Plaintiff
28  as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2).

COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

27.    Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

28.    The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

29.    Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Recreational Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Recreational Vehicle or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c) and 15 U.S.C. § 2310(d).

30.    Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

31.    Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

32.   Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

### FIFTH CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST DEFENDANT
### FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME
### AND TO COMPLETE THEM WITHIN 30 DAYS
### 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794

33.   Plaintiff incorporates by reference the allegations contained in paragraphs 5 through 7 and paragraph 11, above.

34.   Although Plaintiff delivered the Recreational Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Recreational Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

35.   Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794.

36.   The provisions of Civil Code § 1793.2(b) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. *Swenson v. File*, 3 Cal.3d 389, 393; *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

37.   Defendant's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant and its representative were aware that they were

COMPLAINT; DEMAND FOR JURY TRIAL

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  obligated to service or repair the Recreational Vehicle to conform to the applicable

2  express warranties within 30 days, yet they failed to do so.  Accordingly, Plaintiff

3  is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to §

4  1794(c) and 15 U.S.C. § 2310(d).

5      38.    Defendant does not maintain an informal dispute resolution

6  mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the

7  rules and regulations adopted pursuant thereto by the Federal Trade Commission.

8  **SIXTH CLAIM FOR RELIEF**

9  **BY PLAINTIFF AGAINST DEFENDANT**

10  **CONVERSION**

11      39.    Plaintiff incorporates by reference the allegations contained in the

12  Fourth Claim for Relief, above.

13      40.    Plaintiff is the owner of and has an immediate right to possession of a

14  specific sum of money which is capable of identification.  *Farmers Ins. Ex. v.*

15  *Zerin*, 53 Cal.App.4th 445, 451-52 (1997).  Specifically, pursuant to Civil Code §

16  1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the

17  Recreational Vehicle from Defendant.

18      41.    Instead of delivering the money to which Plaintiff is entitled to

19  Plaintiff, Defendant has wrongfully converted that money for its own use.

20      42.    As a result of Defendant's conversion, Plaintiff has suffered damages.

21      43.    Defendant's conduct was fraudulent, oppressive, and malicious, and

22  thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code

23  section 3294.  Specifically, Defendant was aware of its obligation to make

24  restitution to Plaintiff and intentionally failed to do so.  In addition, Defendant

25  falsely and intentionally misrepresented to Plaintiff that it was not obligated to

26  make restitution.  Furthermore, Defendant is aware that Plaintiff has little choice

27  but to continue using the defective Recreational Vehicle, and Defendant

28

COMPLAINT; DEMAND FOR JURY TRIAL

1    intentionally refused to make restitution to Plaintiff with the intent of arguing that

2    Plaintiff's continued use is a reason to deny restitution to Plaintiff.

## **PRAYER**

4    PLAINTIFF PRAYS for judgment against Defendant as follows:

5    1.    For Plaintiff's damages in the amount of at least $95,736.60.

6    2.    For restitution to Plaintiff in the amount of $95,736.60.

7    3.    On Plaintiff's Third Claim for Relief, for a civil penalty in the amount

8    of $191,473.20, which is two times Plaintiff's total damages, pursuant to Civil

9    Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

10    4.    On Plaintiff's Fourth Claim for Relief, for a civil penalty in the

11    amount of $191,473.20, which is two times Plaintiff's total damages, pursuant to

12    Civil Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

13    5.    On Plaintiff's Fifth Claim for Relief, for a civil penalty in the amount

14    of $191,473.20, which is two times Plaintiff's total damages, pursuant to Civil

15    Code § 1794(c) and (e) and 15 U.S.C. § 2310(d).

16    6.    For any consequential and incidental damages.

17    7.    For punitive damages in the amount of at least $100,000.

18    8.    For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant

19    to Civil Code § 1794(d) and 15 U.S.C. § 2310(d).

20    9.    For prejudgment interest at the legal rate.

21    10.    And for such other relief as the Court may deem proper.

22    DATED:  February 25, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

By:_____
      MARTIN W. ANDERSON
Attorneys for Plaintiff Alex Dominguez

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

COMPLAINT; DEMAND FOR JURY TRIAL

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3 DATED:  February 25, 2008

4                          ANDERSON LAW FIRM
                             MARTIN W. ANDERSON

5                          MICHAEL E. LINDSEY

6

7                      By:_____

8                            MARTIN W. ANDERSON
                      Attorneys for Plaintiff Alex Dominguez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

COMPLAINT; DEMAND FOR JURY TRIAL

## UNITED STATES
## DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 148249    — KD
## * * C O P Y * *
## February 29, 2008
## 16:17:12

## Civ Fil Non—Pris
USAO #.: 08CV0388
Judge..: M. JAMES LORENZ
Amount.:                  $350.00 CK
Check#.: BC 1149

## Total—> $350.00

FROM: CIVIL FILING
      DOMINGUEZ V. FOUR WINDS
      08CV0388

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

ALEX DOMINGUEZ

**DEFENDANTS**

FOUR WINDS INTERNATIONAL CORPORATION

**(b)** County of Residence of First Listed Plaintiff  San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____ (not a US Pltf case)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Anderson Law Firm, 2070 N. Tustin Ave., Santa Ana, CA 92705
Tel: (714) 516-2700

Attorneys (If Known)

'08 CV 388 · L LSP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Consumer Warranty Action

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 337,209.80

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**

(See instructions):  JUDGE ____  DOCKET NUMBER ____

DATE
02/25/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 148249  AMOUNT $350  APPLYING IFP 2/29/08  JUDGE ____  MAG. JUDGE ____

