1  J. RANDOLPH HUSTON (SBN 40044)
   JOHN S. WARD (SBN 126456)
2  WALKER, WRIGHT, TYLER & WARD
   626 Wilshire Boulevard, Suite 900
3  Los Angeles, California 90017
   Tel:  (213) 629-3571
4  Fax:  (213) 623-5160
   E-mail: jsw@wwtwlaw.com
5
   Attorneys for Defendant FOUR WINDS INTERNATIONAL
6  CORPORATION

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  ALEX DOMINGUEZ,                    )   CASE NO.  08 CV 388-L LSP
                                       )
12                 Plaintiff,          )   ANSWER OF FOUR WINDS
                                       )   INTERNATIONAL CORPORATION
13       vs.                           )
                                       )
14  FOUR WINDS INTERNATIONAL )
    CORPORATION,                       )
15                                     )
                   Defendant.          )
16  _____ ))

17

18       Defendant Four Winds International Corporation (hereinafter "Four Winds")

19  hereby answers plaintiff's Complaint and alleges as follows:

20                          JURISDICTION

21       1.     Answering the allegations contained in paragraph 1 of the Complaint,

22  Four Winds admits said allegations.

23       2.     Answering the allegations contained in paragraph 2 of the Complaint,

24  Four Winds denies said allegations.

25       3.     Answering the allegations contained in paragraph 3 of the Complaint,

26  Four Winds admits said allegations.

27

28

ORIGINAL

1

## RESPONSE TO FIRST CLAIM FOR RELIEF

2

### (IMPLIED WARRANTY OF MERCHANTABILITY)

3        4.    Answering the allegations contained in paragraph 4 of the Complaint,

4    Four Winds admits said allegations.

5        5.    Answering the allegations contained in paragraph 5 of the Complaint,

6    Four Winds admits that it manufactured the subject Recreational Vehicle, and that the

7    Recreational Vehicle was sold by a person or entity engaged in the business of selling

8    consumer goods at retail.  Four Winds has insufficient information or belief to admit

9    the remainder of the allegations in this paragraph, and therefore denies said

10   allegations.

11       6.    Answering the allegations contained in paragraph 6 of the Complaint,

12   Four Winds admits that it provided a written Limited Warranty.  Four Winds denies

13   each and every other allegation in said paragraph.  Four Winds alleges that all

14   relevant terms of the written Limited Warranty are contained therein.

15       7.    Answering the allegations contained in paragraph 7 of the Complaint,

16   Four Winds denies each and every allegation contained therein.

17       8.    Answering the allegations contained in paragraph 8 of the Complaint,

18   Four Winds responds that this paragraph contains a legal argument, not factual

19   allegations, and thus cannot be admitted or denied.  Four Winds admits that if the

20   buyer purchased the Recreational Vehicle for personal, family, or household

21   purposes, then the implied warranty of merchantability under Civil Code §1792

22   applies, and that Civil Code §1791.1 provides that the duration is coextensive with

23   the express warranty, to a maximum duration of one year.

24       9.    Answering the allegations contained in paragraph 9 of the Complaint,

25   Four Winds responds that this paragraph contains a legal argument, not factual

26   allegations, and thus cannot be admitted or denied. Four Winds admits that this

27   paragraph appears to accurately paraphrase Civil Code §1791.1(a).

28

1    10.    Answering the allegations contained in paragraph 10 of the Complaint,

2  Four Winds denies each and every allegation contained therein.

3    11.    Answering the allegations contained in paragraph 11 of the Complaint,

4  Four Winds denies each and every allegation contained therein.  Four Winds is

5  informed and believes that plaintiff contacted Four Winds on or about February 4,

6  2008, to request a refund.   Plaintiff did not provide the amount of the refund

7  requested or the specifics of the problems he was experiencing.   Four Winds

8  requested, and plaintiff agreed to provide, details and pictures so that Four Winds

9  could evaluate his request. Four Winds made subsequent efforts to obtain additional

10 information from plaintiff, including but not limited to a letter dated February 15,

11 2008, to the registered owner, Christy Dominguez, and a request on March 18, 2008,

12 for an opportunity to inspect the subject Recreational Vehicle.

13    12.    Answering the allegations contained in paragraph 12 of the Complaint,

14 Four Winds denies each and every allegation contained therein.

15    13.    Answering the allegations contained in paragraph 13 of the Complaint,

16 Four Winds denies each and every allegation contained therein.  Four Winds further

17 alleges that it is a participant in the CAP-RV arbitration program, and that buyers of

18 Four Winds motor homes are notified of this program.

19              <u>RESPONSE TO SECOND CLAIM FOR RELIEF</u>

20                    (IMPLIED WARRANTY OF FITNESS)

21    14.    Answering the allegations contained in paragraph 14 of the Complaint,

22 Four Winds refers to and incorporates its responses to the allegations in paragraphs

23 5 through 7 and 11, above.

24    15.    Answering the allegations contained in paragraph 15 of the Complaint,

25 Four Winds denies each and every allegation contained therein.

26    16.    Answering the allegations contained in paragraph 16 of the Complaint,

27 Four Winds denies each and every allegation therein.

28

ANSWER OF FOUR WINDS INTERNATIONAL CORPORATION

1    17.    Answering the allegations contained in paragraph 17 of the Complaint,

2   Four Winds denies each and every allegation therein.

3    18.    Answering the allegations contained in paragraph 18 of the Complaint,

4   Four Winds denies the allegations therein.

5    19.    Answering the allegations contained in paragraph 19 of the Complaint,

6   Four Winds denies each and every allegation contained therein. Four Winds further

7   alleges that it is a participant in the CAP-RV arbitration program, and that buyers of

8   Four Winds motor homes are notified of this program.

9                    RESPONSE TO THIRD CLAIM FOR RELIEF

10                   (BREACH OF EXPRESS WARRANTY)

11    20.    Answering the allegations contained in paragraph 20 of the Complaint,

12   Four Winds refers to and incorporates its responses to the allegations in paragraphs

13   5 through 7 and paragraph 11, above.

14    21.    Answering the allegations contained in paragraph 21 of the Complaint,

15   Four Winds admits that, on at least one occasion, plaintiff delivered the Recreational

16   Vehicle to an independent service and repair facility authorized by Four Winds to

17   perform warranty repairs.  Four Winds denies each and every other allegation

18   contained in said paragraph.

19    22.    Answering the allegations contained in paragraph 22 of the Complaint,

20   Four Winds denies each and every allegation therein.

21    23.    Answering the allegations contained in paragraph 23 of the Complaint,

22   Four Winds denies each and every allegation therein.

23    24.    Answering the allegations contained in paragraph 24 of the Complaint,

24   Four Winds denies each and every allegation contained therein. Four Winds further

25   alleges that it is a participant in the CAP-RV arbitration program, and that buyers of

26   Four Winds motor homes are notified of this program.

27

28

ANSWER OF FOUR WINDS INTERNATIONAL CORPORATION

<u>RESPONSE TO FOURTH CLAIM FOR RELIEF</u>

(FAILURE TO PROMPTLY REPURCHASE PRODUCT)

25.    Answering the allegations contained in paragraph 25 of the Complaint, Four Winds refers to and incorporates its responses to the allegations in paragraphs 5 through 7 and paragraph 11, above.

26.    Answering the allegations contained in paragraph 26 of the Complaint, Four Winds denies each and every allegation therein.

27.    Answering the allegations contained in paragraph 27 of the Complaint, Four Winds denies each and every allegation therein.

28.    Answering the allegations contained in paragraph 28 of the Complaint, Four Winds responds that this paragraph contains a legal argument, not factual allegations, and thus cannot be admitted or denied. Four Winds further denies that plaintiff's legal analysis is correct.

29.    Answering the allegations contained in paragraph 29 of the Complaint, Four Winds denies each and every allegation contained therein.

30.    Answering the allegations contained in paragraph 30 of the Complaint, Four Winds denies each and every allegation contained therein. Four Winds further alleges that it is a participant in the CAP-RV arbitration program, and that buyers of Four Winds motor homes are notified of this program.

31.    Answering the allegations contained in paragraph 31 of the Complaint, Four Winds can neither admit nor deny said allegations.

32.    Answering the allegations contained in paragraph 32 of the Complaint, Four Winds denies each and every allegation contained therein. Four Winds further alleges that it is a participant in the CAP-RV arbitration program, and that buyers of Four Winds motor homes are notified of this program.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

### (FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS)

33.     Answering the allegations contained in paragraph 33 of the Complaint, Four Winds refers to and incorporates its responses to the allegations in paragraphs 5 through 7 and paragraph 11, above.

34.     Answering the allegations contained in paragraph 34 of the Complaint, Four Winds denies each and every allegation therein.

35.     Answering the allegations contained in paragraph 35 of the Complaint, Four Winds denies each and every allegation therein.

36.     Answering the allegations contained in paragraph 36 of the Complaint, Four Winds responds that this paragraph contains a legal argument, not factual allegations, and thus cannot be admitted or denied.  Four Winds further denies that plaintiff's legal analysis is correct.

37.     Answering the allegations contained in paragraph 37 of the Complaint, Four Winds denies each and every allegation therein.

38.     Answering the allegations contained in paragraph 38 of the Complaint, Four Winds denies each and every allegation contained therein.  Four Winds further alleges that it is a participant in the CAP-RV arbitration program, and that buyers of Four Winds motor homes are notified of this program.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

### (CONVERSION)

39.     Answering the allegations contained in paragraph 39 of the Complaint, Four Winds refers to and incorporates its responses to the allegations in paragraphs 5 through 7 and paragraph 11, above.

40.    Answering the allegations contained in paragraph 40 of the Complaint, Four Winds denies each and every allegation therein.

41.    Answering the allegations contained in paragraph 41 of the Complaint, Four Winds denies each and every allegation contained therein.

42.    Answering the allegations contained in paragraph 42 of the Complaint, Four Winds denies each and every allegation therein.

43.    Answering the allegations contained in paragraph 43 of the Complaint, Four Winds denies each and every allegation contained therein.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

(FAILURE TO STATE A CLAIM)

44.    Plaintiff's Complaint fails to allege facts sufficient to constitute a claim for relief.

SECOND AFFIRMATIVE DEFENSE

(LACHES)

45.    The Plaintiff's claims herein are barred by the equitable doctrine of laches.

THIRD AFFIRMATIVE DEFENSE

)REASONABLE OPPORTUNITY TO CURE FAILURE TO COMPLY WITH WARRANTY)

46.    Plaintiff's claims herein are barred because he failed to afford Four Winds a reasonable opportunity to repair or cure any failure to comply with any obligation under any express or implied warranty, as required by 15 U.S.C. §2310(e).

FOURTH AFFIRMATIVE DEFENSE

(REASONABLE NUMBER OF ATTEMPTS TO REMEDY DEFECTS)

47.    Plaintiff's claim for a refund is barred because he failed to afford Four Winds a reasonable number of opportunities to remedy any defects or malfunctions

ANSWER OF FOUR WINDS INTERNATIONAL CORPORATION

1  before electing a refund over replacement of the product, as required by 15 U.S.C.

2  §2304(a)(4).

3  FIFTH AFFIRMATIVE DEFENSE

4  (REASONABLE NUMBER OF ATTEMPTS

5  TO REPAIR NONCONFORMITIES)

6  48.   Plaintiff's claims herein are barred because he failed to afford Four

7  Winds, or its authorized independent service centers, a reasonable number of attempts

8  to service or repair the Recreational Vehicle to conform to the applicable warranties,

9  as required by Civil Code §1793.2(d)(1) and (2).

10  SEVENTH AFFIRMATIVE DEFENSE

11  (OFFSET FOR USE)

12  49.   If plaintiff is entitled to reimbursement of the purchase price or other

13  similar remedy, the amount thereof shall be reduced by the amount directly

14  attributable to use by the buyer prior to discovery of the nonconformity.

15  EIGHTH AFFIRMATIVE DEFENSE

16  (RESTORATION OF CONSIDERATION)

17  50.   If plaintiff is entitled to reimbursement of the purchase price, or other

18  similar remedy, the subject Recreational Vehicle must be made available to Four

19  Winds, and title transferred, free and clear of liens and other encumbrances.

20  NINTH AFFIRMATIVE DEFENSE

21  (LIMITATIONS ON REIMBURSEMENT)

22  51.   If plaintiff is entitled to reimbursement of the purchase price, or other

23  similar remedy, such reimbursement shall be limited to the price of the vehicle and

24  accessories as manufactured, and shall exclude items installed and/or sold by the

25  dealer, and, except as provided by law, shall exclude taxes and fees.

26

27

28

### TENTH AFFIRMATIVE DEFENSE
#### (MITIGATION OF DAMAGES)

52.    Plaintiff's claims herein are barred, and/or any alleged damages are reduced, by her failure to take reasonable actions to mitigate her alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (LACK OF JURISDICTION)

53.    Plaintiff's claims herein are barred because this Court does not have subject matter jurisdiction over plaintiff's claims.

### TWELFTH AFFIRMATIVE DEFENSE
#### (UNCLEAN HANDS)

54.    Plaintiff's claims herein are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (THIRD PARTY DISPUTE RESOLUTION PROCESS)

55.    Defendant participates in the CAP-RV program, which is a qualified informal dispute settlement procedure under the Federal Trade Commission rules, and defendant's written Limited Warranty requires buyers to utilize this program arbitration program. Plaintiff's claims are barred because plaintiff failed to resort to said procedure.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (LIMITATION OF WARRANTIES)

56.    Plaintiff's express and implied warranty claims are limited by the terms of Four Winds Limited Warranty, including but not limited to exclusion of consequential or incidental damages, and limitations on the duration and scope of the implied warranty to the duration and scope of the Limited Warranty.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (EXPIRATION OF WARRANTIES)

57.    Plaintiff's claims are barred because the express and implied warranties expired.

1                  SIXTEENTH AFFIRMATIVE DEFENSE

2              (FAILURE TO JOIN PROPER PLAINTIFF)

3        58.     Defendant is informed and believes that Christy Dominguez was the

4 purchaser and first retail owner of the subject Recreational Vehicle, and would be the

5 proper plaintiff. Plaintiff Alex Rodriguez lacks standing to assert the claims alleged

6 herein.

7               SEVENTEENTH AFFIRMATIVE DEFENSE

8             (ACTS AND OMISSIONS OF OTHERS)

9        59.     The injuries and damages alleged by plaintiff, if any, were proximately

10 caused, wholly or in part, by the acts and omissions of others, including persons or

11 entities not party to this action, and plaintiff's claims are thereby barred or claims for

12 damages reduced accordingly.

13                EIGHTEENTH AFFIRMATIVE DEFENSE

14       (REASONABLE AND GOOD FAITH EFFORTS TO COMPLY)

15        60.     Defendant's requests for additional information, pictures, and to inspect

16 the subject Recreational Vehicle were reasonable and made in good faith to determine

17 whether there had been a breach of warranty and/or whether to offer plaintiff

18 reimbursement, replacement, or other remedy.

19               NINETEENTH AFFIRMATIVE DEFENSE

20       (FAILURE TO COMPLY WITH TERMS OF WARRANTY)

21        Plaintiff's claims are barred because of failures to comply with reasonable

22 terms and conditions of defendant's Limited Warranty, including but not limited to

23 failure to properly service and maintain the subject Recreational Vehicle.

24

25        WHEREFORE, defendant Four Winds prays as follows:

26       (1)     That plaintiff be awarded no damages, attorneys' fees or costs by virtue

27               of the Complaint herein;

28       (2)     That defendant Four Winds be awarded its costs of suit herein;

1    (3)    That the court grant such other and further relief as it deems just and

2         appropriate.

3

4    Dated: April 1, 2008                    WALKER, WRIGHT, TYLER & WARD

5

6                                            By: _____

7                                                John S. Ward

8                                            Attorneys for Defendant FOUR WINDS
                                             INTERNATIONAL CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA      )
                           ) : ss
3  COUNTY OF LOS ANGELES    )

4      I am employed in the County of Los Angeles, State of California, I am over
   the age of 18 and not a party to the within action. My business address is 626
5  Wilshire Boulevard, Suite 900, Los Angeles, California 90017.

6      On April 1, 2008, I served the following documents described as ANSWER
   OF FOUR WINDS INTERNATIONAL CORPORATION; CERTIFICATION
7  AND NOTICE OF INTERESTED PARTIES

8  on the interested parties to this action by placing a true copy thereof in a sealed
   envelope, with postage thereon fully prepaid, addressed as follows:

9
   Attorneys for Plaintiff
10
   Michael E. Lindsey
11 Law Office of Michael E. Lindsey
   4455 Morena Boulevard, Suite 207
12 San Diego, CA 92117-4325

13 Anderson Law Firm
   Martin W. Anderson
14 2070 North Tustin Avenue
   Santa Ana, CA 92705

15

16      I deposited such envelope in the mail at Los Angeles, California.

17      I declare that I am employed in the office of a member of the bar of this
   court at whose direction the service was made.

18
        Executed on April 1, 2008, at Los Angeles, California.
19

20                          *Elizabeth Ball*
                            Elizabeth Ball
21

22

23

24

25

26

27

28