ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

LAW OFFICE OF MICHAEL E. LINDSEY
MICHAEL E. LINDSEY, State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
Tel: (858) 270-7000
E-mail: mlindsey@nethere.com

Attorneys for Plaintiff Alex Dominguez

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ALEX DOMINGUEZ, | Case No. 08 CV 388 L LSP |
|---|---|
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER ALLOWING INSPECTION OF MOTOR HOME PRIOR TO EARLY NEUTRAL EVALUATION CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION** |
| v. | |
| FOUR WINDS INTERNATIONAL CORPORATION, | |
| Defendant. | Complaint Filed: February 29, 2008<br>Trial Date: None Set |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Alex Dominguez hereby submits the attached opposition to Defendant Four Winds International Corporation's motion Defendant's Ex Parte Application for Order Allowing Inspection of Motor Home Prior to Early Neutral Evaluation Conference.

///

///

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 4

I.   DEFENDANT HAS NOT SHOWN GOOD CAUSE FOR ALLOWING DISCOVERY AT THIS TIME ................................................. 4

CONCLUSION ......................................................................................................... 4

DECLARATION OF MICHAEL LINDSEY ........................................................... 5

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

# INTRODUCTION

Defendant has filed an *ex parte* application asking the Court to order a vehicle inspection under Rule 34 of the Federal Rules of Civil Procedure on six days' notice, or to allow it's representative to skip the ENE. The application should be denied for the following reasons:

1. Defendant's *ex parte* application is replete with factual and legal statements which are untrue. Among them:

    a. Defendant falsely claims that Plaintiff's counsel agreed to allow an inspection prior to the ENE and the Rule 26 Conference to go forward on May 28, 2008. This claim is flatly untrue. Plaintiff's counsel never agreed to allow an inspection before the ENE or before the Rule 26 Conference. *See* Lindsay Decl., attached. Mr. Lindsey could not have made such an agreement because he will be at a Mandatory Settlement Conference before a Magistrate Judge on the same day that Defendant's counsel has scheduled the inspection. *Id*. Despite attaching numerous letters from Defendant's counsel to Plaintiff's counsel requesting early discovery, Defendant's counsel has been unable to find even a single letter, signed by anyone, confirming the telephone conversation that he falsely claims to have had with Plaintiff's counsel. Likewise, he never obtained an order allowing him to conduct discovery before the Rule 26 Conference as required by Rule 26.

    b. Defendant's claim that Plaintiff's warranty had expired as of August 15, 2006 is also not accurate. In truth, under Civil Code section 1793.1, "[i]f a defect exists within the warranty period, the warranty will not expire until the defect has been fixed." The warranty remains in full force today. Defendant's claim to the contrary is flatly untrue.

2. The vast majority of the factual assertions in the *ex parte* application are not supported by admissible (or even truthful) evidence. The only declaration submitted with the application is signed by Defendant's counsel, who claims that he has "personal knowledge" (See ¶ 1) of the date the Plaintiff purchased the

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  vehicle and the duration of the warranty (¶ 2), a telephone call that he was not a
2  party to between his client and the Plaintiff (¶ 3), and the date his client received
3  the complaint in this action (¶ 4). He also purports to authenticate various
4  documents that he did not create and that he is clearly not qualified to authenticate.
5  These statements are obviously untrue. Mr. Ward's conduct clearly violates his
6  obligations under Rule 11 of the Federal Rules of Civil Procedure to limit
7  documents signed by him to truthful, accurate statements.

8      3.   There is no legitimate reason to bring this matter to the Court's
9  attention through an *ex parte* application. Simply put, this is not an emergency.
10 The purpose of an ENE is to allow the parties to attempt to resolve the case
11 without the need for discovery. If that is not possible in this case, so be it.
12 Nothing in Defendant's application justifies emergency intervention by the Court.
13 This is particularly troublesome given Mr. Ward's misrepresentations on a wide
14 range of subjects. Given the emergent nature of Mr. Ward's *ex parte* application,
15 Plaintiff's counsel has been unable to secure a declaration from his client to rebut
16 the factual inaccuracies contained in paragraph 2 of Ward's declaration.

17 Had this matter been raised by noticed motion, Plaintiff would have
18 provided a declaration showing that when he demanded a repurchase before filing
19 this lawsuit and that Defendant's counsel was not a party to the conversation and
20 thus has no idea what happened during the conversation. Furthermore, the
21 declaration would show that Defendant expressed no desire to inspect the vehicle
22 prior to refusing Plaintiff's request. This is important because it disproves
23 Defendant's counsel's claim that it would be impossible to make such a decision
24 without an inspection.

25     4.   Defendant's application is actually four applications in one: (1) An
26 application for an order permitting discovery before the ENE, (2) an application for
27 an order permitting discovery before holding the Rule 26 Conference, and (3) an
28 application for an order shortening time to conduct an inspection of things under

Rule 34 (even Defendant's formal notice violated Rule 34's timing requirements), and (4) an application to compel the inspection on six days' notice, without allowing Plaintiff time to object to requested inspection.

Defendant's application is particularly troublesome because Plaintiff's counsel has no idea if Plaintiff or the vehicle is even available for the inspection on shortened notice. Plaintiff's counsel who would attend the inspection is not available because he will be at a Mandatory Settlement Conference. Furthermore, Defendant's inspection notice is defective (and thus objectionable) because it fails to state the specific tests that Defendant will conduct and fails to give a full 30-days' notice.

Under Rule 34, Plaintiff's counsel is entitled to a specific statement of the testing that will be performed so that he can determine whether to retain an expert (and which type of expert to retain). And again, Plaintiff has no idea whether the appropriate expert is available on the date that Defendant unilaterally selected for the inspection. If discovery were permissible at this stage, Plaintiff's response to the inspection demand would be an objection, following by a meet and confer effort to resolve this problem.

Defendant's application seeks to bypass all of these issues and simply force Plaintiff to appear for an inspection that was improperly noticed. Defendant should not be permitted to take advantage of its misconduct in serving discovery before it is allowed. The Court should decline Defendant's request.

5. Defendant has offered no valid reason for its representative to be excused from attending the ENE. However, if the reason offered (the low prospect of settlement) is valid, it should apply equally to excuse Plaintiff from attending as well.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## DEFENDANT HAS NOT SHOWN GOOD CAUSE FOR ALLOWING DISCOVERY AT THIS TIME

Rule 26 requires that the parties conduct a conference of counsel before initiating discovery, unless the Court orders otherwise. As explained above, Defendant has not shown a legitimate reason to change these rules. There has been no court order lifting these restrictions and Plaintiff never agreed to do so.

Furthermore, the Court's Local Rules require appearance by a person with full settlement authority at the ENE. Defendant's application has not given any reason why Defendant's representative should be excused from attending the inspection. However, if he is excused, Plaintiff should be excused as well. If the remote possibility of settlement is grounds for excusing attendance at the settlement conference (it shouldn't be), the principal applies with equal force to the Plaintiff.

## CONCLUSION

For all of the foregoing reasons, Defendant's *Ex Parte* Application for Order Allowing Inspection of Motor Home Prior to Early Neutral Evaluation Conference should be denied.

DATED: May 23, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

By: /s/ Martin W. Anderson
MARTIN W. ANDERSON
Attorneys for Plaintiff Alex Dominguez

## DECLARATION OF MICHAEL LINDSEY

I, MICHAEL LINDSEY, hereby declare as follows:

1. I am one of the attorneys for Plaintiff in this action. I will be handling the defense vehicle inspection in this case.

2. I have never agreed to the "voluntary" inspection which Defendant's counsel claims that I agreed to do. His claim to the contrary is a flat misrepresentation. It has always been our intention to object to the inspection demand because (1) it seeks discovery prior to the Rule 26 Conference, (2) it fails to designate the testing anticipated, and (3) it fails to give the required 30-days' notice.

3. In fact, I would never have agreed to do a vehicle inspection on May 28, 2008, because I have a mandatory settlement conference before Magistrate Judge Barbara L. Majors on May 28, 2008. That Mandatory Settlement Conference was scheduled on April 17, 2008, and I was well-aware of it by the time that Defendant's counsel claims to have spoken with me concerning a vehicle inspection. That settlement conference remains on calendar today, so I could not possibly attend a vehicle inspection on that date.

4. It was our right to wait until 33 days after the inspection notice was sent to object. Since the notice was served on May 2, 2008, we technically have until *after* the inspection to do so. However, I felt it was discourteous not to at least alert Defendant's counsel of our intent to object so that he could avoid wasting the time traveling to the inspection and bringing his expert along for nothing. I see now that it is still the case that no good deed goes unpunished.

I declare under penalty of perjury that the foregoing is true and correct.
DATED: May 23, 2008

_____
MICHAEL LINDSEY

**PROOF OF SERVICE**

I, Martin W. Anderson, am employed in the County of Orange, State of California. I am over the age of 18, and not a party to this action. My business address is 2070 North Tustin Avenue, Santa Ana, California 92705.

**ELECTRONICALLY:** On the date indicated below, an attorney with our office will file the document described below electronically using the Court's CM/ECF System. I am informed and believe that the Court's CM/ECF system will automatically e-mail a Notice of Electronic Filing to each registered CM/ECF user and that this e-mailing will constitute electronic service of the document.

Document(s) Served:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION FOR ORDER ALLOWING INSPECTION OF MOTOR HOME PRIOR TO EARLY NEUTRAL EVALUATION CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**

Person(s) served, address(es), and fax number(s):

Mr. John Ward
Walker, Wright, Tyler & Ward
626 Wilshire Blvd., Suite 900
Los Angeles, CA 90017

Date of Service: May 23, 2008
Date Proof of Service Signed: May 23, 2008

I declare under penalty of perjury under the laws of the State of California and of my own personal knowledge that the above is true and correct.

Signature:  /s/ Martin W. Anderson