1  J. RANDOLPH HUSTON (SBN 40044)
   JOHN S. WARD (SBN 126456)
2  WALKER, WRIGHT, TYLER & WARD
   626 Wilshire Boulevard, Suite 900
3  Los Angeles, California 90017
   Tel: (213) 629-3571
4  Fax: (213) 623-5160
   E-mail: jsw@wwtwlaw.com
5
   Attorneys for Defendant FOUR WINDS INTERNATIONAL
6  CORPORATION

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  ALEX DOMINGUEZ,                    )   CASE NO.  08 CV 388-L LSP
                                       )
12               Plaintiff,            )   JOINT DISCOVERY PLAN
                                       )
13       vs.                           )   [Fed. R. Civ. P. 26]
                                       )   Complaint Filed: February 29, 2008 Trial
14  FOUR WINDS INTERNATIONAL )             Date: None Set
    CORPORATION,                       )
15                                     )
                 Defendant.            )
16  _____ )

17

18  TO THE COURT:

19       Pursuant to Federal Rules of Civil Procedure, rule 26(f), the parties submit the

20  attached discovery plan.

21

22

23

24

25

26

27

28

_____
              JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

DISCOVERY PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    SUMMARY OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Plaintiff's Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Defense Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    Plaintiff's Response to Defendant's Statement . . . . . . . . . . . . . . . . . . 3

II.   DISCOVERY PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Changes to Rule 26(a) Disclosures . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        1.    Subjects on which discovery may be needed . . . . . . . . . . . . . 5

            a.    Plaintiff's position  . . . . . . . . . . . . . . . . . . . . . . . . . 5

            b.    Defendant's position  . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.    When discovery should be completed  . . . . . . . . . . . . . . . . . . 6

        3.    Whether discovery should be conducted in phases  . . . . . . . . 7

        4.    Whether discovery should be limited to or focused upon particular issues  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    Issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    Any issues relating to claims of privilege or of protection as trial-preparation material  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    E.    What changes should be made in the limitations on discovery imposed under the federal rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    F.    Other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c)  . . . . . . . . . . . . . . . . . . . . . . . . . . 8

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

1

**DISCOVERY PLAN**

2

**I.**

3

**SUMMARY OF THE CASE**

4

    A.    <u>Plaintiff's Summary</u>

5

       Plaintiff Alex Dominguez brings this recreational vehicle lemon law action

6

against Defendant Four Winds International Corporation.

7

       The Complaint alleges (1) that Defendant breached the implied warranty of

8

merchantability by distributing a 2007 Four Winds Class C, VIN #

9

1GBJG310861269163 ("Recreational Vehicle") that was defective or became

10

defective during the warranty period, (2) that Defendant breached the implied

11

warranty of fitness by distributing a Recreational Vehicle that was defective or

12

became defective during the warranty period, (3) that Defendant breached its

13

written warranty by failing to repair various defects as requested by Plaintiff, (4)

14

that Defendant failed to repurchase the Recreational Vehicle after Defendant's

15

dealers failed to repair the Recreational Vehicle within a reasonable number of

16

repair attempts, (5) that Defendant violated its statutory and warranty obligation to

17

commence repairs within a reasonable time and to repair the Recreational Vehicle

18

within 30 days, and (6) that Defendant converted the money it was obligated to

19

refund to Plaintiff and instead used it for Defendant's own purposes.

20

       Plaintiff seeks damages reflecting the purchase price of the Recreational

21

Vehicle, in the amount of $95,736.60, various incidental and consequential

22

damages, a civil penalty of two times that amount for each of the three violations

23

alleged in the complaint, damages for emotional distress, prejudgment interest at

24

the legal rate, plus attorney fees and court costs. Thus, a realistic range of provable

25

damages is from $95,736.60 to $670,156.20, plus any awarded emotional distress

26

damages, any awarded punitive damages, and attorney fees and court costs.

27

28

B. <u>Defense Summary</u>

Defendant denies the essential elements of the Complaint. The actual purchase price of the vehicle was $49,998. (Plaintiff's allegation includes future interest payments, over 20 years.) Defendant and/or its independent service centers corrected all problems covered by its warranty within a reasonable number of attempts, and the alleged problems did not substantially interfere with plaintiff's use and enjoyment of the motor home or impair its value. Defendant did not breach any express or implied warranty, and all repairs were commenced within a reasonable time and completed within 30 days of delivery to defendant's independent service center in this state.

There is a material issue with regard to plaintiff Alex Dominguez' standing, and/or the failure to join an indispensable or necessary party. The vehicle was purchased by Christy M. Dominguez and Alfonso A. Dominguez (who, presumably, is plaintiff Alex Dominguez). Christy Dominguez has never demanded replacement or a refund, and defendant is informed and believes that she is satisfied with the motor home. Her decision not to join in this action suggests a conflict between the joint owners.

Joint obligees are indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. *Nike Inc. v. Comercial Iberica de Exclusivas Deportivas* 20 F. 3d 987, 991(9th Cir. 1994). As plaintiff's attorneys do not represent Christy Dominguez, her rights and interests are not represented. The court can, sua sponte, address the issue of indispensability of a party, and this issue should be discussed at the Case Management Conference.

Plaintiff's claims are barred on several grounds. Plaintiff's federal claims and his state law claims for civil penalties are barred for failure to pursue defendant's informal dispute settlement program. 15 U.S.C. §2310(a)(3) Civil Code §1794(e)(2)

1    Tort damages, including emotional distress and punitive damages, cannot be

2  recovered in an action under California's consumer protection statutes. *Kwan v.*

3  *Hyundai Motor America* 44 Cal. App. 4th 750, 755 (1996)

4    The amount in controversy is the reimbursement claim minus the present

5  value of the motor home. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955,

6  959 (7th Cir.1998). This net amount is less than the $50,000 requirement for

7  federal jurisdiction over federal consumer warranty claims (15 U.S.C.

8  §2310(d)(3)) or the $75,000 requirement for diversity jurisdiction. 28 U.S.C.

9  §1332

10    C.    Plaintiff's Response to Defendant's Statement

11    The amount sought in the complaint is proper pursuant to California Civil

12  Code section 1793.2(d)(2)(B), which authorizes the recovery of the amount "paid

13  or payable" and thus includes finance charges to accrue in the future. Such finance

14  charges are recoverable because it is impossible to tell when the case will be

15  resolved, and even after trial, resolution may be delayed if Defendant chooses to

16  appeal the case.

17    Christy Dominguez is not a necessary party, but if she was, Defendant has a

18  remedy under Federal Rule 19 and has chosen not to exercise it. The issue should

19  not be resolved at the CMC, but rather should be resolved through a properly

20  noticed procedure, which affords each party an opportunity to brief the issue.

21  Plaintiff's counsel does not represent Christy Dominguez and has no power to

22  compel her to hire him to represent her in the action.

23    Contrary to Defendant's claims, above, the United States Supreme Court has

24  concluded that joint obligors are not indispensable parties. *Camp v. Gress*, 250

25  U.S. 308, 316-317 (1919). "[P]ersons who do not join in an action despite

26  knowing of the action do not claim an interest in the subject of the action and are

27  therefore not necessary parties. [Citation]. Moreover, recent Ninth Circuit

28  authority has also held that when, as here, the present parties will adequately

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

-3-

1    represent the interests of the absent parties, the absent parties are not necessary

2    parties." *Altman v. Republic of Austria*, 142 F.Supp.2d 1187, 1213 (C.D. Cal.

3    2001); *See also* J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶

4    19.06[3] (3d ed. 2005); *Bank of Am. Natal Trust & Sat. Assn v. Hotel Rittenhouse*

5    *Assocs.*, 844 F.2d 1050, 1054 (3d Cir. 1988); *Janney v. Shepard Niles, Inc.*, 11

6    F.3d 399, 405-406 (3d Cir. 1993) (co-signer not a necessary party); *Greenleaf v.*

7    *Safeway Trails, Inc.*, 140 F.2d 889, 890 (2d Cir. 1944) (same).

8         Indeed, Defendant appears to have confused obligors with obligees. "[J]oint

9    obligors (persons who owe a duty of performance), as opposed to joint obligees

10    (persons to whom a duty is owed), have never been considered indispensable

11    parties." *Wolgin v. Atlas United Fin. Corp.*, 397 F.Supp. 1003 1012 (E.D. Pa

12    1975), aff'd, 530 F.2d 966 (3d Cir. 1976); *Brackin Tie, Lumber & Chip Co. v.*

13    *McLary Farms, Inc.*, 704 F.2d 585, 586-587 (11thCir. 1983). Here, Plaintiff owes

14    a duty of payment under the sales contract. Defendant owes no duty <u>on the</u>

15    <u>contract</u> at all. Plaintiff is thus an obligor, not an obligee.

16         Defendant does not maintain a qualifying arbitration program and thus

17    Plaintiff was not required to use it before asserting claims under 15 U.S.C. § 2310

18    or before seeking penalties under Civil Code section 1794(e). Furthermore,

19    penalties are available for willful violations under Civil Code section 1794(c)

20    regardless of whether Defendant maintains such a program.

21         *Kwan v. Hyundai Motor America*, 44 Cal. App. 4th 750, 755 (1996) holds

22    only that tort damages are not available on claims brought under Song-Beverly

23    because Song-Beverly sounds in contract, and not tort. Nothing in *Kwan* prevents

24    Plaintiff from asserting a tort claim for conversion and seeking tort damages on

25    that claim, which Plaintiff has done here.

26         Defendant's claims regarding the amount in controversy are not accurate.

27    Plaintiff alleges claims based upon diversity of citizenship and the damages

28    recoverable on the state law claims alone well exceed $75,000.In addition,

1  damages in Magnuson-Moss Warranty Act claims are based upon the applicable

2  state law. *Gusse v. Damon Corp.*, 470 F.Supp.2d 1110, 1116-17 (C.D. Cal. 2007)

3  (op. by J. Selna); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237,1239 (C.D. Ca.

4  2005) (op. by J. Carter). Plaintiff is entitled to restitution and civil penalties, and

5  all of these amounts are included in the amount in controversy, without an offset

6  for the present value of the vehicle. *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237,

7  1239 (C.D. Ca. 2005) (op. by J. Carter). In any case, the Complaint alleges that the

8  vehicle's net present value is nil because of its defects.

9        Defendant's citation to *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d

10  955, 959 (7th Cir.1998) in support of its claim regarding the amount in

11  controversy has no merit. First, *Gardynski-Leschuck* does not support Defendant's

12  claims. But, even if it did, *Gardynski-Leschuck* involved claims asserted in

13  Illinois, which were necessarily governed by Illinois law regarding damages.

14  While *Gardynski-Leschuck* might inform the damages available and the amount in

15  controversy in a case pending in Illinois, it is irrelevant here in California, where

16  California law supplies the remedies on Magnuson-Moss claims.

17        **[FOLLOWING IS DEFENDANT'S ADDITION TO**

18        **PLAINTIFF'S "FINAL VERSION" OF JULY 30, 2008]**

19        D.  *Defendant's Reply to Plaintiff's Response*

20        *Defendant does not believe that a Joint Discovery Plan is the place to brief*

21  *or argue legal issues; defendant has identified certain issues that may be relevant*

22  *to discovery and case management issues, in particular, whether additional*

23  *parties should be added is appropriate for these purposes. As plaintiff has argued*

24  *this issue, with purported authority, defendant finds it necessary to respond.*

25        *Plaintiff, not defendant, has confused obligors with obligees, and has also*

26  *confused the concepts of necessary and indispensable parties.  Plaintiff's primary*

27  *"authority," Camp v. Gress, 250 U.S. 308, 316-317 (1919) held that all the*

28  ***obligors** need not be joined as **defendants**.  "[T]his is an action on a joint*

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

1   *contract, and one of the joint contractors is not an indispensable party defendant*

2   *in such a suit. . . . John M. was not an **indispensable** party to a suit to enforce the*

3   *liability of the **other two joint obligors**."  (emhasis added) The quote in plaintiff's*

4   *section ("Persons who do not join . . . .) does not appear in <u>Camp</u>. Plaintiff's*

5   *other authorities are in agreement: joint **obligors** are not necessary parties.*

6       *Four Winds is the **obligor** under its written warranty and the implied*

7   *warranty of merchantability.   Alex and Christy Dominguez are the **obligees** under*

8   *these warranties.   Alex Dominguez is, by this action, seeking to transfer to Four*

9   *Winds certain property–a motor home–in which he only has a 50% interest.*

10  *Without Christy Dominguez in this action, there is no way to ensure that she is in*

11  *agreement,  that she will receive a proper share of any judgment or settlement, or*

12  *that she even knows about the suit.  Moreover, Four Winds will be exposed to*

13  *potential double or inconsistent obligations if she elects to file suit.*

14      *Plaintiff cites one anomalous case involving potential obligees,  <u>Altman v.</u>*

15  *<u>Republic of Austria</u>, 142 F. Supp. 2d 1187, 1213 (C.D. Cal. 2001)  for the*

16  *proposition that when "the present parties will adequately represent the interests*

17  *of the absent parties, the absent parties are not necessary parties."  However,*

18  *plaintiff's counsel does not represent Christy Dominguez. As she is not*

19  *represented, she cannot possibly be adequately represented.*

20      *If Alex and Christy Dominguez are husband and wife (which is not alleged*

21  *anywhere, and defendant does not know their relationship) and if Christy were*

22  *represented by plaintiff's counsel, it might not be necessary to join her.  However,*

23  *these facts should be alleged in the complaint, as required by Rule 19(c).*

24                          **II.**

25                     **DISCOVERY PLAN**

26      A.    <u>Changes to Rule 26(a) Disclosures</u>

27      Rule 26 disclosures will be made on or before July 31, 2008 pursuant to the

28  order of the Magistrate Judge.

---

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

1    B.    The subjects on which discovery may be needed, when discovery
2          should be completed, and whether discovery should be conducted in
3          phases or be limited to or focused upon particular issues
4          1.    Subjects on which discovery may be needed
5                a.    Plaintiff's position
6    Plaintiff will seek discovery on the following subjects:
7    Defendant's positions on which defects were successfully repaired and when
8    they were repaired, which defects are normal characteristics of the Recreational
9    Vehicle and the factual basis for that claim, which defects were caused by abuse
10   and the factual basis for that claim, and which defects are not covered by the
11   warranty and the factual basis for that claim.
12        The information known to and available to the Defendant about the defects.
13        Defendant's dealerships efforts to repair the Recreational Vehicle.
14        Defendant's response to Plaintiff's request that Defendant repurchase the
15   Recreational Vehicle.
16        Defendant's policies and procedures for complying with the legal
17   obligations at issue in the case.
18        Defendant's advertising for the Recreational Vehicle.
19        Plaintiff's discovery will include a deposition of Defendant, a deposition of
20   each of the service personnel involved in the servicing of Plaintiff's Recreational
21   Vehicle, a set of special interrogatories, and a set of document demands.
22                b.    Defendant's position
23   Defendant will conduct discovery on the following subjects:
24        The condition and the maintenance and repair history of the Recreational
25   Vehicle
26        Plaintiff's experiences with the Recreational Vehicle and with sales and
27   service centers
28

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

-7-

1    Defendant expects to take the deposition of plaintiff, Alex Dominguez, and

2    plaintiff's expert witness, and to propound written discovery. Other depositions

3    may be necessary.

4              2.    <u>When discovery should be completed</u>

5    Plaintiff proposes a discovery cut-off of December 31, 2008. This case is a

6    simple case and should be set for trial within one-year (or sooner) after it was

7    filed. Plaintiff believes that expert disclosures should be made in accordance with

8    the Federal Rules (i.e., 90 days and 60 days before trial). Plaintiff requests a trial

9    date in the last two weeks of February 2009.

10    Defendant proposes a discovery cutoff of February 3, 2009, an initial expert

11    disclosure date of October 1, 2008, with a responsive expert disclosure date of

12    December 2, 2008, and expert depositions to be conducted thereafter. Defendant

13    has had an opportunity to inspect the motor home, and does not need further

14    inspections to do initial reports. An early exchange of reports may promote

15    settlement, so Defendant may choose to defer other depositions until after the

16    expert discovery. In the event either party needs to do a second inspection to

17    respond to the other party's expert report, Defendant contends that six weeks

18    would be an appropriate time to make the arrangements, given that the experts are

19    not local.

20    Plaintiff doubts that an early exchange of reports will promote settlement in

21    the action. Rather, an early exchange of reports will drive-up costs early in the

22    case and reduce the prospect of settlement. Plaintiff will object to and oppose any

23    efforts to burden Plaintiff with another inspection of the vehicle.

24              3.    <u>Whether discovery should be conducted in phases</u>

25    The parties do not believe that the Court should issue any order concerning

26    the phases of discovery.

27

28

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

1          4.    <u>Whether discovery should be limited to or focused upon</u>

2                      <u>particular issues</u>

3          The parties do not believe that discovery should be limited to or focused

4      upon any particular issue.

5          C.    <u>Issues relating to disclosure or discovery of electronically stored</u>

6                      <u>information, including the form or forms in which it should be</u>

7                      <u>produced</u>

8          The parties have agreed that any electronically stored information will

9      initially be produced by printing it out on paper and produced on paper. If any

10     party thereafter requests, an electronic copy of the electronically stored data will

11     be produced in its native format.

12         D.    <u>Any issues relating to claims of privilege or of protection as</u>

13                     <u>trial-preparation material</u>

14         The parties have agreed that there is no need for an agreed protective order

15     with respect to claims of privilege or trial protection. Each party will assert the

16     attorney-client privilege and the work-product privilege in the manner required by

17     the Federal Rules of Civil Procedure, by asserting the objection and describing the

18     materials withheld.

19         E.    <u>What changes should be made in the limitations on discovery</u>

20                     <u>imposed under the federal rules</u>

21         The parties do not believe that any changes should be made in the

22     limitations on discovery imposed by the federal rules.

23         F.    <u>Other orders that should be entered by the court under Rule 26(c) or</u>

24                     <u>under Rule 16(b) and (c).</u>

25         The parties do not believe that the Court should enter any other orders under

26     Rule 26(c) or under Rule 16(b) and (c) at this time.

27

28

---

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]

1  DATED: July    , 2008

2                                            ANDERSON LAW FIRM
                                             MARTIN W. ANDERSON
3                                            MICHAEL E. LINDSEY

4

5                                            By: _____
                                                    MARTIN W. ANDERSON
6                                            Attorneys for Plaintiff Alex Dominguez

7

8  DATED: July    , 2008                     WALKER WRIGHT TYLER & WARD

9

10                                           By: _____
                                                    John S. Ward
11                                           Attorneys for Defendant FOUR WINDS
                                             INTERNATIONAL CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DISCOVERY PLAN [Fed. R.Civ. P.26]