ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

LAW OFFICE OF MICHAEL E. LINDSEY
MICHAEL E. LINDSEY, State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
Tel: (858) 270-7000
E-mail: mlindsey@nethere.com

Attorneys for Plaintiff Alex Dominguez

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX DOMINGUEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>FOUR WINDS INTERNATIONAL CORPORATION,<br><br>                    Defendant. | Case No. 08 CV 388 L LSP<br><br>HON. JAMES M. LORENZ<br>Courtroom   14<br><br>**JOINT DISCOVERY PLAN [Fed. R. Civ. P. 26]**<br><br>Complaint Filed: February 29, 2008<br>Trial Date: None Set |

TO THE COURT:

Pursuant to Federal Rules of Civil Procedure, rule 26(f), the parties submit the attached discovery plan.

///

///

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

# TABLE OF CONTENTS

DISCOVERY PLAN ........................................................................................................ 1

I. SUMMARY OF THE CASE ............................................................................... 1

   A. Plaintiff's Summary ................................................................................ 1

   B. Defense Summary .................................................................................. 2

   C. Plaintiff's Response to Defendant's Statement ..................................... 3

   D. Defendant's Reply To Plaintiff's Response ............................................ 5

   E. DEFENDANT'S SUPPLEMENTAL REPLY ....................................... 6

   F. Plaintiff response to Defendant's reply to its own reply ...................... 7

II. DISCOVERY PLAN ........................................................................................... 8

   A. Changes to Rule 26(a) Disclosures ........................................................ 8

   B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues ................................................................................... 8

      1. Subjects on which discovery may be needed ............................. 8

         a. Plaintiff's position ............................................................. 8

         b. Defendant's position ........................................................ 9

      2. When discovery should be completed ........................................ 9

      3. Whether discovery should be conducted in phases .................. 10

      4. Whether discovery should be limited to or focused upon particular issues ........................................................................ 10

   C. Issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced ................................................................................... 10

   D. Any issues relating to claims of privilege or of protection as trial-preparation material ......................................................................... 11

   E. What changes should be made in the limitations on discovery imposed under the federal rules ............................................................. 11

   F. Other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c). ............................................................ 11

# DISCOVERY PLAN

## I.

## SUMMARY OF THE CASE

A. <u>Plaintiff's Summary</u>

Plaintiff Alex Dominguez brings this recreational vehicle lemon law action against Defendant Four Winds International Corporation.

The Complaint alleges (1) that Defendant breached the implied warranty of merchantability by distributing a 2007 Four Winds Class C, VIN # 1GBJG31U861269163 ("Recreational Vehicle") that was defective or became defective during the warranty period, (2) that Defendant breached the implied warranty of fitness by distributing a Recreational Vehicle that was defective or became defective during the warranty period, (3) that Defendant breached its written warranty by failing to repair various defects as requested by Plaintiff, (4) that Defendant failed to repurchase the Recreational Vehicle after Defendant's dealers failed to repair the Recreational Vehicle within a reasonable number of repair attempts, (5) that Defendant violated its statutory and warranty obligation to commence repairs within a reasonable time and to repair the Recreational Vehicle within 30 days, and (6) that Defendant converted the money it was obligated to refund to Plaintiff and instead used it for Defendant's own purposes.

Plaintiff seeks damages reflecting the purchase price of the Recreational Vehicle, in the amount of $95,736.60, various incidental and consequential damages, a civil penalty of two times that amount for each of the three violations alleged in the complaint, damages for emotional distress, prejudgment interest at the legal rate, plus attorney fees and court costs. Thus, a realistic range of provable damages is from $95,736.60 to $670,156.20, plus any awarded emotional distress damages, any awarded punitive damages, and attorney fees and court costs.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

B. <u>Defense Summary</u>

Defendant denies the essential elements of the Complaint. The actual purchase price of the vehicle was $49,998. (Plaintiff's allegation includes future interest payments, over 20 years.) Defendant and/or its independent service centers corrected all problems covered by its warranty within a reasonable number of attempts, and the alleged problems did not substantially interfere with plaintiff's use and enjoyment of the motor home or impair its value. Defendant did not breach any express or implied warranty, and all repairs were commenced within a reasonable time and completed within 30 days of delivery to defendant's independent service center in this state.

There is a material issue with regard to plaintiff Alex Dominguez' standing, and/or the failure to join an indispensable or necessary party.  The vehicle was purchased by Christy M. Dominguez and Alfonso A. Dominguez (who, presumably, is plaintiff Alex Dominguez). Christy Dominguez has never demanded replacement or a refund, and defendant is informed and believes that she is satisfied with the motor home.  Her decision not to join in this action suggests a conflict between the joint owners.

Joint obligees are indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. *Nike Inc. v. Comercial Iberica de Exclusivas Deportivas* 20 F. 3d 987, 991(9th Cir. 1994).  As plaintiff's attorneys do not represent Christy Dominguez, her rights and interests are not represented.  The court can, sua sponte, address the issue of indispensability of a party, and this issue should be discussed at the Case Management Conference.

Plaintiff's claims are barred on several grounds. Plaintiff's federal claims and his state law claims for civil penalties are barred for failure to pursue defendant's informal dispute settlement program. 15 U.S.C. §2310(a)(3) Civil Code §1794(e)(2)

Tort damages, including emotional distress and punitive damages, can not be recovered in an action under California's consumer protection statutes. Kwan v. Hyundai Motor America 44 Cal. App. 4th 750, 755 (1996)

The amount in controversy is the reimbursement claim minus the present value of the motor home. Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 959 (7th Cir.1998). This net amount is less than the $50,000 requirement for federal jurisdiction over federal consumer warranty claims (15 U.S.C. §2310(d)(3)) or the $75,000 requirement for diversity jurisdiction. 28 U.S.C. §1332

C.   Plaintiff's Response to Defendant's Statement

The amount sought in the complaint is proper pursuant to California Civil Code section 1793.2(d)(2)(B), which authorizes the recovery of the amount "paid or payable" and thus includes finance charges to accrue in the future. Such finance charges are recoverable because it is impossible to tell when the case will be resolved, and even after trial, resolution may be delayed if Defendant chooses to appeal the case.

Christy Dominguez is not a necessary party, but if she was, Defendant has a remedy under Federal Rule 19 and has chosen not to exercise it. The issue should not be resolved at the CMC, but rather should be resolved through a properly noticed motion, which affords each party an opportunity to brief the issue.

Contrary to Defendant's claims, joint obligees are not indispensable parties. *Altman v. Republic of Austria*, 142 F.Supp.2d 1187, 1213 (C.D. Cal. 2001); *See also* J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 19.06[3] (3d ed. 2005); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 (3d Cir. 1988); *Janney v. Shepard Niles, Inc.,* 11 F.3d 399, 405-406 (3d Cir. 1993) (co-signer not a necessary party); *Greenleaf v. Safeway Trails, Inc.*, 140 F.2d 889, 890 (2d Cir. 1944) (same); *Camp v. Gress*, 250 U.S. 308, 316-317 (1919).

Furthermore, even if Christy Dominguez was indispensable, the action can still proceed without her on a showing that she is aware of the action and has chosen not to join. *Altmann v. Republic of Austria*, 142 F.Supp.2d at 1213 ("[T]here is ample reason for not applying the general rule in this action. As explained previously, the other heirs are aware of the action but have chosen not to participate and their interest will be adequately represented by Plaintiff."). In the event that Defendant raises this issue by noticed motion, Plaintiff will submit evidence showing that Christy is aware of the action, approves of Alex's filing of the lawsuit, will cooperate by transferring title if necessary, but does not wish to participate in the lawsuit.

Defendant does not maintain a qualifying arbitration program and thus Plaintiff was not required to use it before asserting claims under 15 U.S.C. § 2310 or before seeking penalties under Civil Code section 1794(e). Furthermore, penalties are available for willful violations under Civil Code section 1794(c) regardless of whether Defendant maintains such a program.

*Kwan v. Hyundai Motor America*, 44 Cal. App. 4th 750, 755 (1996) holds only that tort damages are not available on claims brought under Song-Beverly because Song-Beverly sounds in contract, and not tort. Nothing in *Kwan* prevents Plaintiff from asserting a tort claim for conversion and seeking tort damages on that claim, which Plaintiff has done here.

Defendant's claims regarding the amount in controversy are not accurate. Plaintiff alleges claims based upon diversity of citizenship and the damages recoverable on the state law claims alone well exceed $75,000.

In addition, damages in Magnuson-Moss Warranty Act claims are based upon the applicable state law. *Gusse v. Damon Corp.*, 470 F.Supp.2d 1110, 1116-17 (C.D. Cal. 2007) (op. by J. Selna); *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1239 (C.D. Ca. 2005) (op. by J. Carter). Plaintiff is entitled to restitution and civil penalties, and all of these amounts are included in the amount in controversy,

1 without an offset for the present value of the vehicle. *Romo v. FFG Ins. Co.*, 397
2 F.Supp.2d 1237, 1239 (C.D. Ca. 2005) (op. by J. Carter). In any case, the
3 Complaint alleges that the vehicle's net present value is *nil* because of its defects.
4     Defendant's citation to *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d
5 955, 959 (7th Cir.1998) in support of its claim regarding the amount in controversy
6 has no merit. First, *Gardynski-Leschuck* does not support Defendant's claims.
7 But, even if it did, *Gardynski-Leschuck* involved claims asserted in Illinois, which
8 were necessarily governed by Illinois law regarding damages. While *Gardynski-*
9 *Leschuck* might inform the damages available and the amount in controversy in a
10 case pending in Illinois, it is irrelevant here in California, where California law
11 supplies the remedies on Magnuson-Moss claims.

### D.    Defendant's Reply To Plaintiff's Response

13 Defendant does not believe that a Joint Discovery Plan is the place to argue
14 legal issues, but has simply identified certain issues that may be relevant to
15 discovery and case management issues. Whether additional parties should be
16 added is certainly relevant, as is the proper procedure: sua sponte order, motion to
17 this court, or to the district judge. As plaintiff has argued this issue, with purported
18 authority, defendant finds it necessary to respond.
19     Plaintiff, not defendant, has confused **obligors** with **obligees**. Plaintiff's
20 primary "authority", Camp v. Gress, 250 U.S. 308, 316-317 (1919) held that all the
21 obligors need not be joined as defendants. "[T]his is an action on a joint contract,
22 and one of the joint contractors is not an indispensable party defendant in such a
23 suit. . . . John M. was not an indispensable party to a suit to enforce the liability of
24 the other two joint obligors." (emhasis added) The quote in plaintiff's section
25 ("Persons who do not join . . . .) does not appear in Camp. Plaintiff's other
26 authorities are in agreement: joint obligors are not necessary parties.
27     Four Winds is the obligor under its written warranty and the implied
28 warranty of merchantability--the obligations that are at issue in this case. Alex and

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  Christine Dominguez are the obligees under these warranties.  Alex Dominguez is,
2  by this action, seeking to transfer to Four Winds certain property–a motor home–in
3  which he only has a 50% interest.  Without Christine Dominguez in this action,
4  there is no way to ensure that she is in agreement, that she will receive a proper
5  share of any judgment or settlement, or that she even knows about the suit.
6  Moreover, Four Winds will be exposed to potential double or inconsistent
7  obligations if she elects to file suit.
8      Plaintiff cites one anomalous case involving potential obligees, <u>Altman v.
9  Republic of Austria</u>, 142 F. Supp. 2d 1187, 1213 (C.D. Cal. 2001), for the
10 proposition when "the present parties will adequately represent the interests of the
11 absent parties, the absent parties are not necessary parties." This case arose from
12 unique facts, involving rights to artwork seized by the Nazis, and the court's
13 finding relied on the particular circumstances of the potential heirs.  In any event, it
14 is irrelevant because plaintiff's counsel does not represent Christy Dominguez.  As
15 she is not represented, she cannot possibly be adequately represented.
16     If Alex and Christy Dominguez are husband and wife (which is not alleged
17 anywhere, and defendant does not know their relationship) and if Christy
18 Dominguez were represented by plaintiff's counsel, it might not be necessary to
19 join her.  However, these facts should be alleged in the complaint, as required by
20 Rule 19(c).
21     E.    <u>DEFENDANT'S SUPPLEMENTAL REPLY</u>
22     As is evident from the foregoing, plaintiff has substantially revised his
23 Response after receiving Defendant's Reply on July 30, 2008.  Plaintiff has
24 removed several arguments and authorities which Defendant effectively refuted.
25 In order to adequately respond to the new arguments, transmitted at approximately
26 1:55 pm. on July 31, 2008, the date this joint plan is due, defendant would have to
27 substantially redraft the Reply.  In lieu thereof, Defendant will simply insert this
28 supplement.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

This is not be a complicated case, so there is no reason this issue cannot be discussed at the Case Management Conference. If, as in Altman, this case involved millions of dollars of artwork stolen by the Nazis, and one of the potential plaintiffs was in Austria, beyond the court's jurisdiction, there might be good reason to proceed without a necessary party. As it is, adding Christy Dominguez would add nothing to the cost or complexity of this case, while a noticed motion would.

Plaintiff's new argument does not explain why Alex Dominguez does not want Christy Dominguez to be a plaintiff, and his attorney cannot speak for her. Moreover, regardless of what Christy Dominguez may currently intend, she is not bound by any decisions made by Alex Dominguez or by this court. Defendant has been involved in a number of cases involving multiple owners, and the absence of any of them always makes resolution more difficult.

F.   <u>Plaintiff response to Defendant's reply to its own reply</u>

Plaintiff agrees that none of these issues belong in a discovery plan. Plaintiff's first draft of the discovery plan included a brief summary of the claims asserted in the Complaint in order to give the statements below some meaning. It was Defendant's counsel who chose to add a litany of irrelevant issues to the report, ranging from subject matter jurisdiction to joinder issues. None of these issues belong here, but as long as Defendant insists upon including them, Plaintiff feels compelled to respond so as to avoid the appearance that Plaintiff agrees with any of them.

Defendant's reply to its own reply is again not accurate. Plaintiff was forced to change his arguments because Defendant changed it's arguments. Moreover, Defendant did so only a day before this report was due, even though Plaintiff sent Defendant a draft report on June 25, 2008 (more than a month before the report was due).

Despite having a draft of this report on June 25, 2008, Defendant waited until July 18, 2008, to provide its additions to the report.  At that time, Defendant claimed that Plaintiff Alex Dominguez lacked any standing to bring this action, and didn't care about the case because he failed to attend the ENE (which he did with the Magistrate Judge's permission).

Defendant subsequently changed that argument entirely on July 28, 2008, to make a claim that Christy Dominguez was an indispensable party and to remove the claims about the non-attendance at the ENE.  The parties have since exchanged 3 or 4 different revisions on those issues alone.

The fact that *Altman* involved millions of dollars of artwork stolen by the Nazis is totally irrelevant.  The legal issue presented in *Altman*, whether joint obligees are necessary parties, is the same here as it was there.  The question here isn't whether Alex Dominguez *wants* Christy Dominguez to be a party.  The question is whether Christy *needs* be a party and whether she *wants* to be a party.

## II.

## DISCOVERY PLAN

A. <u>Changes to Rule 26(a) Disclosures</u>

Rule 26 disclosures will be made on or before July 31, 2008 pursuant to the order of the Magistrate Judge.

B. <u>The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues</u>

    1. <u>Subjects on which discovery may be needed</u>

        a. <u>Plaintiff's position</u>

Plaintiff will seek discovery on the following subjects:

Defendant's positions on which defects were successfully repaired and when they were repaired, which defects are normal characteristics of the Recreational Vehicle and the factual basis for that claim, which defects were caused by abuse

and the factual basis for that claim, and which defects are not covered by the warranty and the factual basis for that claim.

The information known to and available to the Defendant about the defects.

Defendant's dealerships efforts to repair the Recreational Vehicle.

Defendant's response to Plaintiff's request that Defendant repurchase the Recreational Vehicle.

Defendant's policies and procedures for complying with the legal obligations at issue in the case.

Defendant's advertising for the Recreational Vehicle.

Plaintiff's discovery will include a deposition of Defendant, a deposition of each of the service personnel involved in the servicing of Plaintiff's Recreational Vehicle, a set of special interrogatories, and a set of document demands.

        b.    <u>Defendant's position</u>

Defendant will conduct discovery on the following subjects:

The condition and the maintenance and repair history of the Recreational Vehicle

Plaintiff's experiences with the Recreational Vehicle and with sales and service centers

Defendant expects to take the deposition of plaintiff, Alex Dominguez, and plaintiff's expert witness, and to propound written discovery. Other depositions may be necessary.

        2.    <u>When discovery should be completed</u>

Plaintiff proposes a discovery cut-off of December 31, 2008. This case is a simple case and should be set for trial within one-year (or sooner) after it was filed. Plaintiff believes that expert disclosures should be made in accordance with the Federal Rules (i.e., 90 days and 60 days before trial). Plaintiff requests a trial date in the last two weeks of February 2009.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1   Defendants propose a discovery cutoff of February 3, 2009, an initial expert
2   disclosure date of October 1, 2008, with a responsive expert disclosure date of
3   December 2, 2008, and expert depositions to be conducted thereafter.  Defendant
4   has had an opportunity to inspect the motor home, and does not need further
5   inspections to do initial reports.  An early exchange of reports may promote
6   settlement, so Defendant may choose to defer other depositions until after the
7   expert discovery.  In the event either party needs to do a second inspection to
8   respond to the other party's expert report, Defendant contends that six weeks would
9   be an appropriate time to make the arrangements, given that the experts are not
10  local.

11  Plaintiff doubts that an early exchange of reports will promote settlement in
12  the action.  Rather, an early exchange of reports will drive-up costs early in the
13  case and reduce the prospect of settlement.  Plaintiff will object to and oppose any
14  efforts to burden Plaintiff with another inspection of the vehicle.

15        3.  <u>Whether discovery should be conducted in phases</u>

16  The parties do not believe that the Court should issue any order concerning
17  the phases of discovery.

18        4.  <u>Whether discovery should be limited to or focused upon</u>
19            <u>particular issues</u>

20  The parties do not believe that discovery should be limited to or focused
21  upon any particular issue.

22    C.  <u>Issues relating to disclosure or discovery of electronically stored</u>
23       <u>information, including the form or forms in which it should be</u>
24       <u>produced</u>

25  The parties have agreed that any electronically stored information will
26  initially be produced by printing it out on paper and produced on paper.  If any
27  party thereafter requests, an electronic copy of the electronically stored data will be
28  produced in its native format.

    D.    <u>Any issues relating to claims of privilege or of protection as trial-preparation material</u>

The parties have agreed that there is no need for an agreed protective order with respect to claims of privilege or trial protection. Each party will assert the attorney-client privilege and the work-product privilege in the manner required by the Federal Rules of Civil Procedure, by asserting the objection and describing the materials withheld.

    E.    <u>What changes should be made in the limitations on discovery imposed under the federal rules</u>

The parties do not believe that any changes should be made in the limitations on discovery imposed by the federal rules.

    F.    <u>Other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).</u>

The parties do not believe that the Court should enter any other orders under Rule 26(c) or under Rule 16(b) and (c) at this time.

DATED: July 31, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY


By: s/Martin W. Anderson
    MARTIN W. ANDERSON
Attorneys for Plaintiff Alex Dominguez

DATED: July __, 2008

WALKER, WRIGHT, TYLER & WARD

```
John Ward has not signed the Plan
See the Declaration of Martin W.
Anderson for more details.
```

By: _____
    JOHN WARD
Attorneys for Defendant Four Winds International Corporation

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

**PROOF OF SERVICE**

I, Martin W. Anderson, am employed in the County of Orange, State of California. I am over the age of 18, and not a party to this action. My business address is 2070 North Tustin Avenue, Santa Ana, California 92705.

**ELECTRONICALLY:** On the date indicated below, an attorney with our office will file the document described below electronically using the Court's CM/ECF System. I am informed and believe that the Court's CM/ECF system will automatically e-mail a Notice of Electronic Filing to each registered CM/ECF user and that this e-mailing will constitute electronic service of the document.

Document(s) Served:

**JOINT DISCOVERY PLAN [Fed. R. Civ. P. 26]**

Person(s) served, address(es), and fax number(s):

Mr. John Ward
Walker, Wright, Tyler & Ward
626 Wilshire Blvd., Suite 900
Los Angeles, CA 90017

Date of Service: August 1, 2008
Date Proof of Service Signed: August 1, 2008

I declare under penalty of perjury under the laws of the State of California and of my own personal knowledge that the above is true and correct.

Signature:   s/ Martin W. Anderson