ANDERSON LAW FIRM
MARTIN W. ANDERSON, State Bar No. 178422
2070 North Tustin Avenue
Santa Ana, California 92705
Tel: (714) 516-2700 ▪ Fax: (714) 532-4700
E-mail: martin@andersonlaw.net

LAW OFFICE OF MICHAEL E. LINDSEY
MICHAEL E. LINDSEY, State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
Tel: (858) 270-7000
E-mail: mlindsey@nethere.com

Attorneys for Plaintiff Alex Dominguez

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX DOMINGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> FOUR WINDS INTERNATIONAL CORPORATION, <br><br> Defendant. | Case No. 08 CV 388 L LSP <br><br> HON. JAMES M. LORENZ <br> Courtroom 14 <br><br> **JOINT DISCOVERY PLAN [Fed. R. Civ. P. 26]** <br><br> Complaint Filed: February 29, 2008 <br> Trial Date: None Set |

TO THE COURT:

Pursuant to Federal Rules of Civil Procedure, rule 26(f), the parties submit the attached discovery plan.

///

///

# TABLE OF CONTENTS

DISCOVERY PLAN ........................................................................................................ 1

    A.    Changes to Rule 26(a) Disclosures ................................................................ 1

    B.    The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues ................................................................................................ 1

        1.    Subjects on which discovery may be needed .......................... 1

            a.    Plaintiff's position ........................................................ 1

            b.    Defendant's position ..................................................... 1

        2.    Plaintiff's response to Defendant's position ............................ 2

        3.    When discovery should be completed ..................................... 2

            a.    Plaintiff's Position ........................................................ 2

            b.    Defendant's Position ..................................................... 2

            c.    Plaintiff's Response to Defendant's Position ............... 3

        4.    Whether discovery should be conducted in phases .................. 3

        5.    Whether discovery should be limited to or focused upon particular issues ...................................................................... 3

    C.    Issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced ..................................................................................... 3

    D.    Any issues relating to claims of privilege or of protection as trial-preparation material .............................................................................. 3

    E.    What changes should be made in the limitations on discovery imposed under the federal rules ..................................................................... 4

    F.    Other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c). ............................................................... 4

        1.    Joining Parties or Amending Pleadings, Rule 16(b)(3)(A) ........ 4

            a.    Defendant's Position ..................................................... 4

            b.    Plaintiff's position ........................................................ 5

        2.    Potential Protective Orders, Rule 26(c) ................................... 6

            a.    Defendant's Position ..................................................... 6

            b.    Plaintiff's Position ........................................................ 6

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

c. Defendant's response ...................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

# DISCOVERY PLAN

A. <u>Changes to Rule 26(a) Disclosures</u>

Rule 26 disclosures were made on or before July 31, 2008 pursuant to the order of the Magistrate Judge.

B. <u>The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues</u>

   1. <u>Subjects on which discovery may be needed</u>

      a. <u>Plaintiff's position</u>

Plaintiff will seek discovery on the following subjects:

Defendant's positions on which defects were successfully repaired and when they were repaired, which defects are normal characteristics of the Recreational Vehicle and the factual basis for that claim, which defects were caused by abuse and the factual basis for that claim, and which defects are not covered by the warranty and the factual basis for that claim.

The information known to and available to the Defendant about the defects.

Defendant's dealerships efforts to repair the Recreational Vehicle.

Defendant's response to Plaintiff's request that Defendant repurchase the Recreational Vehicle.

Defendant's policies and procedures for complying with the legal obligations at issue in the case.

Defendant's advertising for the Recreational Vehicle.

Plaintiff's discovery will include a deposition of Defendant, a deposition of each of the service personnel involved in the servicing of Plaintiff's Recreational Vehicle, a set of special interrogatories, and a set of document demands.

      b. <u>Defendant's position</u>

Defendant will conduct discovery on the following subjects:

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

The condition and the maintenance and repair history of the Recreational Vehicle.

Plaintiff's experiences with the Recreational Vehicle and with sales and service centers.

Defendant expects to take the depositions of plaintiff Alex Dominguez, Christy Dominguez, and plaintiff's expert witness, and to propound written discovery. Other depositions may be necessary. Defendant does not presently believe that an inspection of the motor home pursuant to Rule 34 will be necessary, as the informal inspection done on June 19, 2008 should be sufficient.

2. Plaintiff's response to Defendant's position

Defendant's inspection on June 19, 2008, was not an "informal" inspection. Rather, it was Defendant's formal inspection under Rule 34. Plaintiff will object to any further efforts to inspect the vehicle.

3. When discovery should be completed

a. Plaintiff's Position

Plaintiff proposes a discovery cut-off of December 31, 2008. This case is a simple case and should be set for trial within one-year (or sooner) after it was filed. Plaintiff believes that expert disclosures should be made in accordance with the Federal Rules (i.e., 90 days and 60 days before trial). Plaintiff requests a trial date in the last two weeks of February 2009.

b. Defendant's Position

Defendants propose a discovery cutoff of February 3, 2009, an initial expert disclosure date of October 1, 2008, and a responsive expert disclosure date of December 2, 2008. Both experts have already inspected the motor home, and the reports have presumably been completed. An early exchange of reports may promote settlement and would reduce the costs. Defendant's expert, Rick Drinkwine, is likely to be its person most knowledgeable regarding most issues, and he could give deposition testimony in both capacities at one time.

      c.  Plaintiff's Response to Defendant's Position

Plaintiff doubts that an early exchange of reports will promote settlement in the action. Rather, an early exchange of reports will drive-up costs early in the case and reduce the prospect of settlement. Plaintiff will object to and oppose any efforts to burden Plaintiff with another inspection of the vehicle.

    4.  Whether discovery should be conducted in phases

The parties do not believe that the Court should issue any order concerning the phases of discovery.

    5.  Whether discovery should be limited to or focused upon particular issues

The parties do not believe that discovery should be limited to or focused upon any particular issue.

  C.  Issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced

The parties have agreed that any electronically stored information will initially be produced by printing it out on paper and produced on paper. If any party thereafter requests, an electronic copy of the electronically stored data will be produced in its native format.

  D.  Any issues relating to claims of privilege or of protection as trial-preparation material

The parties have agreed that there is no need for an agreed protective order with respect to claims of privilege or trial protection. Each party will assert the attorney-client privilege and the work-product privilege in the manner required by the Federal Rules of Civil Procedure, by asserting the objection and describing the materials withheld.

E. <u>What changes should be made in the limitations on discovery imposed under the federal rules</u>

The parties do not believe that any changes should be made in the limitations on discovery imposed by the federal rules.

F. <u>Other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).</u>

    1. <u>Joining Parties or Amending Pleadings, Rule 16(b)(3)(A)</u>

        a. <u>Defendant's Position</u>

Defendant requests that the court address, at the Case Management Conference, the issue of plaintiff Alex Dominguez's standing, and/or the failure to join an indispensable or necessary party. The vehicle was purchased by Christy M. Dominguez and Alfonso A. Dominguez (who, presumably, is plaintiff Alex Dominguez).

Joint obligees are necessary and usually indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. <u>Nike Inc. v. Comercial Iberica de Exclusivas Deportivas</u> 20 F. 3d 987, 991(9th Cir. 1994). Moreover Ms. Dominguez is on title to the motor home, so she must either consent to a transfer of her property to Four Winds or be bound by any judgment. There may be exceptions to the Nike rule if it can be shown that (1) the defendant would not be subject to multiple claims; (2) the absent party is adequately represented; and (3) the court can afford full relief without her. Plaintiff's attorneys do not represent Christy Dominguez, so her interests are not represented, and Mr. Dominguez is not her representative, so she will not be bound by any judgment.

This matter can be resolved by a *sua sponte* order joining Ms. Dominguez, by an order directing plaintiff to amend the complaint to comply with Rule 19(c) (explaining why she is not joined), or by noticed motion. In the latter case, it would be more efficient if the parties and court can meaningfully discuss this issue before filing a motion.

- 4 -
JOINT DISCOVERY PLAN [Fed. R. Civ. P. 26]

Case No. 08 CV 388 L LSP

b.  <u>Plaintiff's position</u>

Plaintiff will be happy to discuss the joinder issue at the Case Management Conference. However, Plaintiff believes that before issuing any orders, the Court should require Defendant to bring a noticed motion and allow the parties to fully brief the issues raised by Defendant's request.

Contrary to Defendant's claims, joint obligees are neither necessary nor indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. *Altman v. Republic of Austria*, 142 F.Supp.2d 1187, 1213 (C.D. Cal. 2001); *See also* J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice 19.06[3] (3d ed. 2005); *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054 (3d Cir. 1988); *Janney v. Shepard Niles, Inc.*, 11 F.3d 399, 405-406 (3d Cir. 1993) (co-signer not a necessary party); *Greenleaf v. Safeway Trails, Inc.*, 140 F.2d 889, 890 (2d Cir. 1944) (same); *Camp v. Gress*, 250 U.S. 308, 316-317 (1919).

Furthermore, even if Christy Dominguez was indispensable, the action can still proceed without her on a showing that she is aware of the action and has chosen not to join. *Altmann v. Republic of Austria*, 142 F.Supp.2d at 1213 ("[T]here is ample reason for not applying the general rule in this action. As explained previously, the other heirs are aware of the action but have chosen not to participate and their interest will be adequately represented by Plaintiff.").

In the event that Defendant raises this issue by noticed motion, Plaintiff will submit evidence showing that Christy is aware of the action, approves of Alex's filing of the lawsuit, will cooperate by transferring title if necessary, but does not wish to participate in the lawsuit.

It is true that Mrs. Dominguez is on title to the motor home, but Defendant's claim that her consent is required in order to effect a transfer of title is not accurate. Under applicable DMV rules, when the title lists the joints owners with the

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

1  conjunction "or" (as is the case here), either party alone may transfer title without
2  the consent of the other.
3  Even if Mrs. Dominguez' consent were required in order to transfer title, the
4  Court could award complete relief to Mr. Dominguez simply by conditioning any
5  relief on Mr. Dominguez obtaining Mrs. Dominguez consent to transferring title
6  back to Defendant. In sum, forcing her to participate in litigation is not necessary
7  to effect complete relief to Mr. Dominguez, and thus, she is not necessary.

        2.    <u>Potential Protective Orders, Rule 26(c)</u>

           a.    <u>Defendant's Position</u>

10 Defendant's headquarters and manufacturing plant are in Indiana, and all
11 potential witnesses are Indiana residents. Aside from Mr. Drinkwine, all would be
12 expected to testify primarily to authenticate the contents of documents. Defendant
13 will request that any depositions of persons other than Mr. Drinkwine be done by
14 telephone or in Indiana, and that plaintiff take Mr. Drinkwine's deposition as PMK
15 and expert at one time.

           b.    <u>Plaintiff's Position</u>

17 Defendant has cited no authority and presented no evidence supporting its
18 request for a protective order nor for its request that Plaintiff defer deposing Mr.
19 Drinkwine (a fact witness) until after he is designated as an expert.
20 The latter request is particulary improper because it will allow Defendant to
21 conceal the facts which are known to Mr. Drinkwine until after fact discovery is
22 completed, making it impossible for Plaintiff to conduct the discovery necessary to
23 rebut the factual assertions Drinkwine will use to support his opinions.
24 If Defendant feels a protective order is appropriate, it should file a noticed
25 motion, and Plaintiff should be afforded an opportunity to read and respond to the
26 evidence and law which supports the request.

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

            c.     <u>Defendant's response</u>

Defendant has elected not to reply to plaintiff's position on various issues, including scheduling, joinder, expert disclosures, and depositions, despite the fact that plaintiff has replied to all of defendant's positions. Defendant disagrees with plaintiff's claims, and with the purported authorities cited. However, past experience has shown that, unless one party unilaterally ends reply cycle, the document will never be completed. This is not a complex case, and all of these issues can be resolved informally, without the expense or delay of "noticed motions" as proposed by plaintiff.

DATED: August 12, 2008

                              ANDERSON LAW FIRM
                              MARTIN W. ANDERSON
                              MICHAEL E. LINDSEY

By:   s/ Martin W. Anderson
      MARTIN W. ANDERSON
      Attorneys for Plaintiff Alex Dominguez

DATED: August 12, 2008

                              WALKER, WRIGHT, TYLER & WARD

                              See Next Page for Signature

By:
      JOHN WARD
      Attorneys for Defendant Four Winds
      International Corporation

ANDERSON LAW FIRM
2070 NORTH TUSTIN AVENUE
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 516-2700

c. <u>Defendant's response</u>

Defendant has elected not to reply to plaintiff's position on various issues, including scheduling, joinder, expert disclosures, and depositions, despite the fact that plaintiff has replied to all of defendant's positions. Defendant disagrees with plaintiff's claims, and with the purported authorities cited. However, past experience has shown that, unless one party unilaterally ends reply cycle, the document will never be completed. This is not a complex case, and all of these issues can be resolved informally, without the expense or delay of "noticed motions" as proposed by plaintiff.

DATED: August 12, 2008

ANDERSON LAW FIRM
MARTIN W. ANDERSON
MICHAEL E. LINDSEY

s/ Martin W. Anderson
By:_____
MARTIN W. ANDERSON
Attorneys for Plaintiff Alex Dominguez

DATED: August 12, 2008

WALKER, WRIGHT, TYLER & WARD

By:_____
JOHN WARD
Attorneys for Defendant Four Winds International Corporation