UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX DOMINGUEZ, CHRISTY DOMINGUEZ, <br><br> Plaintiffs, <br><br> v. <br><br> FOUR WINDS INTERNATIONAL CORPORATION, <br><br> Defendant. | Civil No. 08cv388 L (LSP) <br><br> **ORDER GRANTING MOTIONS** *IN LIMINE* **[doc. # 53, 54, 55, 57, 58, 60]; GRANTING IN PART AND DENYING IN PART [doc. # 56]; HOLDING IN ABEYANCE [doc. # 52, 61]; DENYING MOTION NOS. 51, 59; VACATING MAY 26, 2009 MOTION HEARING; VACATING JUNE 2, 2009 TRIAL; SETTING TELEPHONIC CONFERENCE; REQUIRING RESPONSE RE: FEDERAL CLAIM** |

The parties' motions *in limine* have been fully briefed and the Court finds the motions suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

Upon review of the parties' filings in support of and in opposition to the motions, **IT IS HEREBY ORDERED** as follows:

1.  Plaintiffs' motion *in limine* no. 1 to preclude the introduction of evidence concerning any disclaimer of the implied warranty of merchantability or regarding any contractual limitation or waiver of any remedies under the Song-Beverly Consumer Warranty Act is **GRANTED**. [doc. #53]   Disclaimers of incidental and consequential damages under the Song-Beverly Act are unlawful and invalid; therefore any evidence to suggest otherwise is improper and will be precluded.

2. Plaintiffs' motion *in limine* no. 2 to prevent defendant or its counsel from making any mention of the availability of attorney fees to the prevailing plaintiffs' in this action is **GRANTED**. [doc. #54]   Although acknowledging that attorneys' fees are generally not relevant to liability, defendant argues that the jury should be instructed to disregard attorneys' fees because a jury "may be inclined to award civil penalties to give the plaintiffs money to pay their attorney." (Opp. at 2.)  This proposition is not supported by any case law.  Defendant also contends that because plaintiffs are seeking civil penalties for an alleged willful violation of the Song-Beverly Act, defendant's state of mind is at issue, it should be permitted to explain its decision-making process which may include avoiding possible exposure to civil penalties and attorneys' fees.  (Opp. at 3-4.)  As plaintiffs correctly note, however, "attorneys' fees have no meaningful connection to issues of liability." (Reply at 3-4.)   Accordingly, defendant may not mention the availability of attorneys' fees.

3. Plaintiffs' motion *in limine* no. 3 to preclude the introduction of evidence concerning any post-filing settlement discussions is **GRANTED**. [doc. #55]   The Court notes that defendant's response memorandum indicates that it did not oppose this motion, "and so informed plaintiffs' counsel at the meet and confer telephone conference of April 14, 2009." (Resp. at 1.)   Accordingly, this motion should not have been filed.

4. Plaintiffs' motion *in limine* no. 4 to preclude any witness from testifying to the meaning of or the events recorded in business records unless they first demonstrate personal knowledge of the facts recorded in those documents is **GRANTED IN PART and DENIED IN PART**.  [doc. #56]   Because first-hand knowledge is ordinarily required for testimony, the parties may object to specific questions concerning business records at trial.

5. Plaintiffs' motion *in limine* no. 5 to preclude defendants' expert from testifying as to the details of any hearsay upon which he bases his opinion is **GRANTED**. [doc. #57]   The parties agree that Federal Rule of Evidence 703 provides that an expert may rely upon hearsay or other inadmissible evidence to form the basis of his opinion but

may not testify as to the details of the inadmissible evidence.  Defendant states that it has no substantive objection to the motion but a specific objection at the time of trial will suffice to carry out the requirement and intent of Rule 703.  The Court agrees and the motion will be granted.  Of course, this ruling does not preclude an objection being made during trial.

6. Plaintiffs' motion *in limine* no. 6 for a finding that plaintiffs may testify as to the value of the Vehicle as a result of its defects is **GRANTED**. [doc. #58]  The parties agree that the owner of property is permitted to offer his or her opinion as to the value of the property or the value of the property as a result of defects.  No special qualifications are required of the owner.  Defendant may, however, challenge the value plaintiffs place on the Vehicle.

7. Plaintiffs' motion *in limine* no. 7 to preclude defendant from attempting to solicit expert opinion testimony from persons who were not designated as expert witnesses is **DENIED** as moot. [doc. #59]   Defendant has indicated that it does not intend to call any dealer employees as witnesses.  (Opp. to MIL #7.)  Nevertheless, defendant requests the Court order that both parties are precluded from attempting to solicit expert opinion testimony from persons not designated as experts.  The Court so Orders.

8. Plaintiffs' motion *in limine* no. 8 for a determination that oral statements made by defendant's dealership personnel regarding the Vehicle which is the subject of this action and the repairs they performed are admissible over a hearsay objection is **GRANTED.** [doc. #60]  Defendant states that the motion is moot because plaintiffs never took the Vehicle to a Four Winds dealership and offers no substantive objection to plaintiffs' motion.    Plaintiffs contend that they took the Vehicle to Four Winds authorized dealerships to perform repairs.  Federal Rule of Evidence 801(d)(2)(C) and (D) provides that statements are not hearsay if offered against defendant and are statements either authorized by defendant or made by an agent of defendant within the scope of the agency.   Defendant does not dispute that dealership personnel were acting as

agents for defendant or that statements made by dealership personnel are relevant to show that the value of the Vehicle to plaintiffs is substantially impaired. Accordingly, plaintiffs' motion is granted.

      9.    Plaintiffs' motion *in limine* no. 9 to preclude defendant from introducing any evidence of its arbitration program or for an order setting an evidentiary hearing to determine whether defendant's arbitration program is qualified under 15 U.S.C. § 2310(a), and/or 16 C.F.R. §§ 703.1 through 703.8 [doc. #61] and defendant's motion *in limine* to determine whether defendant's arbitration program is a qualified dispute resolution process reflect the same issue.

In this action, plaintiff seeks to recover damages under the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act. There are provisions under each Act for a defendant to establish a dispute resolution process. Defendant must, however, meet various requirements in order to show that the arbitration process will cut off mandatory civil penalties under California Civil Code § 1794(e) or preclude recovery under 15 U.S.C. § 2310(a).

Plaintiffs state that they are not seeking a civil penalty under § 1794; therefore, whether defendant maintains a Qualified third-party Dispute Resolution Process ("QDRP") is irrelevant.

If all the requirements under 15 U.S.C. § 2310(a)(1)-(5) are satisfied, defendant will have demonstrated that it has established an Informal Dispute Settlement Procedure ("IDSP") under the Magnuson-Moss Warranty Act. Plaintiffs acknowledge that if defendant has an IDSP, plaintiffs' federal claim will fail because they did not use the arbitration program before filing this action. (Plts' MIL No. 9 at 1.)

The Court finds that on the papers presented, defendant has not established that its arbitration program meets the requirements of federal law and therefore an evidentiary hearing would be necessary prior to trial. This is an issue of law that should have been presented by way of a motion for summary judgment to the Court at a much earlier stage in the litigation and not immediately prior to trial.

4

1  Plaintiffs have stated that they are "willing to abandon the federal [Magnuson-
2 Moss] claims if the court will retain jurisdiction over the supplemental state claims."
3 (Pltfs' Cont. of Fact & Law at 49.)  Because plaintiffs have not filed a notice of
4 abandonment of federal claim or an *ex parte* motion to determine whether the Court will
5 retain jurisdiction over the supplemental state claims if plaintiffs abandon the federal
6 claim, the parties' motions *in limine* concerning defendant's arbitration program are
7 premature.  As a result, the Court **ORDERS** plaintiffs to file a notice or an *ex parte*
8 motion concerning the status of their federal claim within 10 days of the filing of this
9 Order and will hold the parties' motions *in limine* in abeyance.

10  10.  Defendant's motion *in limine* to exclude plaintiffs' designated expert from
11 testifying as to mold and the use of the wrong type of sealant is **DENIED** without
12 prejudice. [doc. #51] Defendant may cross-examine plaintiffs' expert at the time of trial
13 concerning his expertise as to mold and the impact of the type of sealant used.

14  11.  To the extent evidence is not excluded pursuant to this Order, its
15 admissibility is subject to evidentiary objections at trial.

16  **IT IS FURTHER ORDERED** vacating the hearing on the parties' motions *in
17 limine* set for May 26, 2009.

18  **IT IS FURTHER ORDERED** vacating the June 2, 2009 trial date.

19  **IT IS FURTHER ORDERED** setting a telephonic conference on Thursday, May
20 28, 2009 at 2:30 p.m.  Plaintiffs shall initiate the conference call to the Court – (619)
21 557-7669.

22  **IT IS SO ORDERED.**
23 DATED:  May 22, 2009

24
25  M. James Lorenz
   United States District Court Judge
26 / / /
27 / / /
28 / / /

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL